IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTPORT INSURANCE CORPORATION,** | : | CIVIL ACTION NO. 1:16-CV-508 |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, d/b/a PENN NATIONAL INSURANCE** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 1st day of July, 2016, upon consideration of the motion (Doc. 19) to transfer venue, pursuant to 28 U.S.C. § 1404(a), filed by defendant Pennsylvania National Mutual Casualty Insurance Company, d/b/a Penn National Insurance ("Penn National"), wherein Penn National seeks transfer of the above-captioned action to the United States District Court for the Southern District of Texas, (see Doc. 19 at 1), and further upon consideration of plaintiff Westport Insurance Corporation's ("Westport") brief (Doc. 25) in opposition thereto, wherein Westport concedes that the instant case could have been brought in the Southern District of Texas, (see id. at 6), but asserts that transfer is unwarranted under the circumstances, (see id. at 7-21), and the court recognizing that it is vested with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer," Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)), and that the enumerated private and public

interest factors which guide the court's transfer analysis include, *inter alia*, the parties' forum preferences; where the claims arose; convenience to parties and witnesses; location of documents and records; local interest in deciding local controversies; public policies of the respective courts; the court's familiarity with applicable law; and whether litigation will be expedited or simplified by transfer, see id.; High River Ltd. P'ship v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 497 (M.D. Pa. 2005), and it appearing that Westport has initiated suit in neither its home district nor the location where central facts underlying the dispute occurred, entitling its choice of forum to less deference thereupon, (see Doc. 19 at 9; Doc. 29 at 1-4); Melone v. Boeing Co., No. 2:07-CV-1192, 2008 WL 877974, at *2 (D.N.J. Mar. 28, 2008); Lomanno v. Black, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); that Westport's claims derive from alleged events occurring within the Southern District of Texas, (see Doc. 19 at 10; Doc. 29 at 2-4; cf. Doc. 25 at 12-13); that no potential witnesses tendered by the parties reside or are located in Pennsylvania, fourteen of nineteen potential witnesses reside or are located in Texas, and thirteen of those fourteen are non-party witnesses who may be unavailable for trial in Pennsylvania, (see Doc. 18-2 ¶ 3; Doc. 19 at 10-12; Doc. 25 at 13-14; Doc. 29 at 4-5); FED. R. CIV. P. 45(c)(1)(A); Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999); Mentor Graphics Corp. v. Quickturn Design Sys., Inc., 77 F. Supp. 2d 505, 510 (D. Del. 1999); that records and documentation relevant to the case are electronically transferrable, rendering them equally available in either forum, (see Doc. 19 at 12; Doc. 25 at 16-17); Ferratex, Inc. v. U.S. Sewer & Drain, Inc., 121 F. Supp. 3d 432, 442

(D.N.J. 2015); Holder v. Suarez, No. 3:CV-14-1789, 2015 WL 1345209, at *3 (M.D. Pa. Mar. 25, 2015); that, because the insurance policies in dispute were issued to a Texas insured, and the underlying claimant and lawsuit are located in Texas, the state of Texas has an interest in deciding the controversy, (see Doc. 19 at 13-14; Doc. 29 at 5-6); and that Texas law applies to the claims herein, (see Doc. 19 at 14; Doc. 25 at 20; Doc. 29 at 6), and the court finding that practical and economic considerations of conducting discovery and trial in a location proximate to the majority of witnesses and to the events at issue weigh heavily in favor of a transfer, (see Doc. 19 at 12; Doc. 29 at 7); Jumara, 55 F.3d at 879; Hillard, 76 F. Supp. 2d at 570-71, and the court concluding that it would be in the interests of justice and judicial economy to transfer this case, see 28 U.S.C. § 1404(a), it is hereby ORDERED that:

1. The motion (Doc. 19) to transfer venue is GRANTED.

2. The above-captioned case is TRANSFERRED to the Unites States District Court for the Southern District of Texas. See 28 U.S.C. § 1404(a).

3. The Clerk of Court is directed to CLOSE this case.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania